IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| **D'VORAK SMITH,** | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **MO:26-CV-00017-DC-RCG** |
| | § | |
| **CHIEF MIKE GERKE, ERIC** | § | |
| **ROBICHEAUX, JON FOUST, and** | § | |
| **TYLER GRIFFITH,** | § | |
| *Defendants*. | § | |

## REPORT AND RECOMMENDATION OF THE U.S. MAGISTRATE JUDGE

BEFORE THE COURT is Plaintiff D'Vorak Smith's Motion to Remand (Doc. 6) and Defendants' Motion to Dismiss (Doc. 2).[1] This matter is before the undersigned United States Magistrate Judge through a standing order of referral pursuant to 28 U.S.C. § 636 and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration, the Court **RECOMMENDS** Plaintiff's Motion to Remand be **DENIED** (Doc. 6) and Defendants' Motion to Dismiss be **GRANTED** (Doc. 2).

## I.   BACKGROUND

On December 18, 2025, Plaintiff D'Vorak Smith ("Plaintiff"), proceeding *pro se*, filed this action in 161st District Court, Ector County, Texas, against Defendants Chief Mike Gerke, Jon Foust, Tyler Griffith, and Eric Robicheaux (collectively, "Defendants"). (Doc. 1-4). Defendants Chief Mike Gerke, Jon Foust, and Tyler Griffith ("Defendant Officers") are employees with the City of Odessa Police Department and Defendant Eric Robicheaux is a prosecutor. (Docs. 1-3 at 3; 2 at 1). On January 19, 2026, Defendants removed the action to this Court, asserting federal question jurisdiction. (Doc. 1 at 2).

---

1. All page number citations are to CM/ECF generated pagination unless otherwise noted.

The relevant factual allegations are as follows. Plaintiff states he brings a tort claim because of deliberately indifferent constitutional violations committed in a municipal proceeding. (Doc. 1-3 at 3). Plaintiff alleges Defendants violated his constitutional right to due process and a fair trial and intentionally inflicted emotional distress. *Id*. at 3–5. Plaintiff claims Defendant Robicheaux failed to provide him with proper discovery, including body camera footage. *Id*. at 4. Plaintiff explains he was acquitted in the proceeding, but Defendant Officers need to amend the crash report to reflect reality. *Id*.

On January 19, 2026, Defendants filed a Rule 12(b)(6) Motion to Dismiss all claims. (Doc. 2). After the deadline to respond had passed, the Court ordered Plaintiff to file a Response. (Doc. 3). Subsequently, Plaintiff filed a Motion to Remand, arguing this Court does not have diversity jurisdiction. (Doc. 6). Defendants filed a timely Response to the Motion to Remand. (Doc. 7). Accordingly, the Motions are ripe for disposition.

## II.     LEGAL STANDARD

### A.     Motion to Remand

"Federal courts are courts of limited jurisdiction." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). A federal court therefore "cannot entertain cases unless authorized by the Constitution and legislation." *Coury v. Prot*, 83 F.3d 244, 248 (5th Cir. 1996). As a result, a defendant may only remove a case if the district court has original jurisdiction. *WMS, LLC v. Allied Prop. & Cas. Ins.*, 244 F. Supp. 3d 567, 570 (W.D. Tex. 2017). Federal district courts have original jurisdiction "over two general types of cases: cases that arise under federal law . . . and cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties."

2

*Home Depot U. S. A., Inc. v. Jackson*, 587 U.S. 435, 437 (2019) (citing to 28 U.S.C. §§ 1331 and 1332(a)).

If removed, however, a party may move to remand. *Hill Country Villas Townhome Owners' Ass'n, Inc. v. Everest Indem. Ins.*, No. 19-CV-0936, 2020 WL 373375, at *2 (W.D. Tex. Jan. 23, 2020) (citing 28 U.S.C. § 1447(c)). On a motion to remand, a court must consider whether removal to federal court was proper. Removal is proper in any "civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "On a motion to remand, the removing party bears the burden of establishing that one of the bases of [federal] jurisdiction exists, and that the removal was not procedurally defective." *WMS*, 244 F. Supp. 3d at 570.

### B.   Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for the dismissal of a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A claim for relief must contain: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). A plaintiff "must provide enough factual allegations to draw the reasonable inference that the elements exist." *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, 995 F. Supp. 2d 587, 602 (N.D. Tex. 2014) (citing *Patrick v.*

*Wal–Mart, Inc.-Store No. 155*, 681 F.3d 614, 617 (5th Cir. 2012)); *see Torch Liquidating Tr. ex rel. Bridge Assocs. LLC v. Stockstill*, 561 F.3d 377, 384 (5th Cir. 2009) ("[T]he complaint must contain either direct allegations or permit properly drawn inferences to support every material point necessary to sustain recovery") (internal quotation marks and citations omitted).

In a court's review of a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed in the light most favorable to the nonmoving party. *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). Still, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' devoid of 'further factual enhancement,'" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (stating that the Court should neither "strain to find inferences favorable to plaintiffs" nor accept "conclusory allegations, unwarranted deductions, or legal conclusions.").

### III. DISCUSSION

#### A. Motion to Remand

The Court first addresses Plaintiff's Motion to Remand because it implicates the Court's jurisdiction. In the Motion, Plaintiff argues the case was improperly removed because there is no diversity amongst the parties—they are all citizens of Texas. (Doc. 6). In response, Defendants state Plaintiff may be right about the lack of diversity but assert they removed this action because Plaintiff asserts federal causes of action pursuant to 28 U.S.C. §§ 1331, 1441, 1446. (Doc. 7 at 1). The Court agrees with Defendants that federal question jurisdiction exists.

A defendant may remove a civil action filed in state court only if this Court has original jurisdiction in the case. 28 U.S.C. § 1441(a). Original "federal question" jurisdiction exists only if the action arises under the Constitution, laws, or treaties of the United States. *Id*. § 1331. Determining whether a particular case arises under federal law generally turns on the "well-pleaded complaint" rule, which states that the basis for federal jurisdiction must be "presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (internal citations omitted). Plaintiffs are masters of their own complaints and may generally allege only a state-law cause of action even where a federal remedy is also available. *Id.* "A federal question exists 'only [in] those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Singh v. Duane Morris LLP*, 538 F.3d 334, 337–38 (5th Cir. 2008) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27–28 (1983)).

Here, Plaintiff's Complaint summarizes his case as a "tort claim for constitutional violations." (Doc. 1-3 at 3). He also states the Texas state court "has jurisdiction over all parties under the Texas Tort Claims Act; relying on U.S. Code Sec. 1983 & U.S. Code Sec. 1987." *Id*. Plaintiff explains Defendants violated his protected constitutional rights with intentional infliction of emotional distress, he had a constitutional right to due process of law under the Sixth Amendment, and he is entitled to damages for his claim of intentional constitutional violations. *Id*. at 3–5.

Section 1983 provides plaintiffs a remedy for violations of rights secured by the U.S. Constitution. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff, on the face of his Complaint, alleges Defendants violated his constitutional rights. (Doc. 1-3 at 3–5). Plaintiff also explicitly

states he relies on § 1983. *Id*. at 3; *contra Wade v. City of Greenville Police Dep't*, 700 F. Supp. 3d 457, 457 (N.D. Miss. Oct. 31, 2023) (remanding because "[c]learly, there is no reference to either the U.S. Constitution or 42 U.S.C. § 1983 in this complaint, but, in spite of this fact, defendant removed this case on the basis of federal question jurisdiction"). "Texas has no statutory equivalent to 42 U.S.C. § 1983," meaning Plaintiff's constitutional claims cannot be brought under state law. *Harris County v. Going*, 896 S.W.2d 305, 309 (Tex. App.—Houston [1st Dist.] 1995, writ denied); *Larry v. Dall. Area Rapid Transit*, No. 98-CV-0779, 1998 WL 874823, at *8 (N.D. Tex. Dec. 3, 1998) ("Texas state law does not provide for a private cause of action under the Texas Constitution and does not provide a state equivalent to the federal § 1983 cause of action for alleged constitutional violations."). Thus, Plaintiff brings an action that, at least in part, arises under the Constitution. *White v. City of Colorado City*, No. 2015 WL 4930983, at *3 (N.D. Tex. July 15, 2015) ("Because Plaintiff's complaint alleges, on its face, that his 14th Amendment rights were violated, and because Plaintiff seems to allege claims typically brought under 42 U.S.C. § 1983, the Court is of the opinion that the case was properly removed to the federal forum.").

To establish subject-matter jurisdiction under § 1983, there must also be "facts demonstrating that [a defendant] acted under color of state law . . . ." *Mitchell v. Clinkscales*, 253 F. App'x 339, 340 (5th Cir. 2007) (per curiam); *Medlock v. Note One Auto Sales*, No. 18-CV-1881, 2018 WL 5722681, at *2 (N.D. Tex. Aug. 13, 2018) (holding "where a plaintiff does not allege facts demonstrating that a defendant acted under color of state law, he fails to plead and establish subject-matter jurisdiction based on the existence of a federal question"). Based on Plaintiff's Complaint, Defendant Officers were acting under color of state law as Plaintiff alleges they, in their capacity as police officers, refused to amend a police report. *Cook v. City of Dallas*,

No. 12-CV-03788, 2013 WL 12350006, at *3 n.3 (N.D. Tex. Oct. 28, 2013) ("Acts performed by an officer in her capacity as a police officer, even if illegal or not authorized by state law, are considered to have been taken under color of law." (citing *Monroe v. Pape*, 365 U.S. 167, 180 (1961))). Accordingly, the Court finds it has original jurisdiction over this action and **RECOMMENDS** Plaintiff's Motion to Remand be **DENIED**. (Doc. 6).

### B.   Motion to Dismiss

#### 1.   Absolute Immunity

Plaintiff has failed to allege any specific facts involving Defendant Robicheaux, a prosecutor with the City Attorney's Office, sufficient to overcome the doctrine of absolute immunity. Prosecutors are absolutely immune from liability under the federal civil rights statutes with regard to actions taken by them within the course and scope of representing the governmental agencies and subdivisions in judicial proceedings, i.e., when acting as advocates of the state. *Imbler v. Pachtman*, 424 U.S. 409, 430–31 & n.33 (1976); *Mowbray v. Cameron County*, 274 F.3d 269, 276 (5th Cir. 2001). Under the doctrine of prosecutorial immunity, a prosecutor is absolutely immune in a civil rights lawsuit for any action taken in connection with a judicial proceeding. *Buckley v. Fitzsimmons*, 509 U.S. 259, 269–73 (1993); *Burns v. Reed*, 500 U.S. 478, 487–92 (1991); *Imbler*, 424 U.S. at 427–31.

"Acts undertaken by the prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994); *Buckley*, 509 U.S. at 273 ("Those acts must include the professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial."); *see Spivey v. Robertson*, 197 F.3d 772, 775–76 (5th Cir. 1999) (holding prosecutors were absolutely immune

from liability under § 1983 for advising police regarding probable cause to obtain arrest warrant where prosecutors merely evaluated evidence brought to them). Thus, prosecutorial immunity applies to the prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process. *See Kalina v. Fletcher*, 522 U.S. 118, 128–29 (1997) (holding a prosecutor is absolutely immune in connection with the initiation of a criminal proceeding except when personally acting as a complaining witness); *Mowbray*, 274 F.3d at 276–77 (holding prosecutors absolutely immune for their decisions on which witnesses to call and what evidence to present, choosing expert witnesses, and preparing those witnesses for trial). Further, a prosecutor is absolutely immune from civil rights liability for actions taken in connection with a judicial proceeding, even if taken maliciously. *See Cousin v. Small*, 325 F.3d 627, 635 (5th Cir. 2003) (prosecutors are absolutely immune from liability for even malicious or willful misconduct if it occurs in the exercise of their advocatory function). Finally, and most relevant here, "failure to disclose exculpatory evidence is shielded by absolute immunity." *Wooten v. Roach*, 964 F.3d 395, 411 (5th Cir. 2020).

"To determine whether prosecutorial immunity applies, we thus ask '(1) whether, at the time of § 1983's enactment, the practical function of the conduct at issue merited absolute immunity, and (2) whether, at present, absolute immunity for the conduct at issue is necessary to advance the policy interests that justified the common law immunity.'" *Lampton v. Diaz*, 639 F.3d 223, 226 (5th Cir. 2011) (quoting *Hoog-Watson v. Guadalupe County*, 591 F.3d 431, 438 (5th Cir. 2009)). However, even if the actions about which Plaintiff complains herein were undertaken by the prosecutor without regard to any pending judicial proceeding, the prosecutor is still entitled to the protection afforded by the doctrine of qualified immunity. *Buckley*, 509 U.S. at 273; *Burns*, 500 U.S. at 495–96; *Brown v. Lyford*, 243 F.3d 185, 189–90 (5th Cir. 2001)

8

(holding prosecutor was entitled to qualified immunity with regard to complaints about his investigation into an alleged offense). The determination of whether a prosecutor's actions are entitled to absolute—as opposed to merely qualified—immunity turns on a functional approach under which the prosecutor is absolutely immune when acting as an advocate for the State. *Burns*, 500 U.S. at 491; *Mowbray*, 274 F.3d at 276–77.

Plaintiff has alleged no specific facts showing that the actions of Defendant Robicheaux fell outside the proper scope of the duties of a prosecuting attorney or outside the advocacy role of a prosecutor. Even though Plaintiff's allegations are serious—that Defendant Robicheaux failed to turn over exculpatory evidence prior to trial—Defendant Robicheaux is entitled to absolute immunity for this act. In short, Plaintiff has failed to allege any specific facts involving Defendant Robicheaux acting in any context other than in his role as a prosecutor; Plaintiff therefore fails to overcome the defense of prosecutorial immunity. Accordingly, the Court **RECOMMENDS** Plaintiff's constitutional claim against Defendant Robicheaux be **DISMISSED WITHOUT PREJUDICE**.

### 2. Qualified Immunity

Defendant Officers move the Court to grant their motion to dismiss based on the affirmative defense of qualified immunity. (Doc. 2). "Section 1983 is not itself a source of substantive rights; it merely provides a method for vindicating already conferred federal rights." *Bauer v. Texas*, 341 F.3d 352, 357 (5th Cir. 2003) (citing *Albright v. Oliver*, 510 U.S. 266 (1994)). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West*, 487 U.S. at 48. "The doctrine of qualified immunity shields government officials acting within their discretionary authority from

liability when their conduct does not violate clearly established statutory or constitutional law of which a reasonable person would have known." *Wallace v. County of Comal*, 400 F.3d 284, 289 (5th Cir. 2005). Because qualified immunity is an immunity from suit, these questions must be resolved at the earliest possible stage in litigation. *Pearson v. Callahan*, 555 U.S. 223, 231–32 (2009).

To overcome the defense of qualified immunity, a plaintiff must show "(1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." *McLin v. Ard*, 866 F.3d 682, 689 (5th Cir. 2017). "Because qualified immunity protects officers who 'reasonably but mistakenly' violate a plaintiff's constitutional rights, the deputies are entitled to qualified immunity if a reasonable person in their position 'would have believed that [their] conduct conformed to the constitutional standard in light of the information available to [them] and the clearly established law.'" *Freeman*, 483 F.3d at 415 (citing *Goodson v. City of Corpus Christi*, 202 F.3d 730, 736 (5th Cir. 2000)). To determine whether a right was clearly established, courts looks to cases decided before the time of the violation. *Grishman v. Valenciano*, 93 F.4th 903, 908 (5th Cir. 2024). "The law can be clearly established despite notable factual distinctions between the precedents relied on and the cases then before the Court, so long as the prior decisions gave reasonable warning that the conduct then at issue violated constitutional rights." *Id*. at 909. Because a plaintiff's § 1983 claim must overcome both prongs of qualified immunity, district courts have the discretion to analyze the two prongs in either order and can grant qualified immunity by addressing one or both steps. *Pearson*, 555 U.S. at 236.

Here, Plaintiff alleges Defendant Officers violated his constitutional rights by not amending a police crash report. (Doc. 3 at 4). But the Fifth Circuit has explicitly held that "false

10

or inaccurate police reports do not pose a constitutional violation." *Rich v. Palko*, 920 F.3d 288, 298 n.18 (5th Cir. 2019). Further, "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. In his Complaint, Plaintiff hardly alleges what Defendant Officers did as a group, let alone what they did individually. (Doc. 1 at 3–5). Accordingly, the Court **RECOMMENDS** Plaintiff's constitutional claim against Defendant Officers be **DISMISSED WITHOUT PREJUDICE**.

### 3. State Law Claims

In addition to Plaintiff's § 1983 federal claim, Plaintiff also brings state law claims—claims asserted under the Texas Tort Claims Act and claims for the tort of intentional infliction of emotional distress. (Doc. 1-3 at 3). As to Plaintiff's state law claims, Defendants ask the Court to decline supplemental jurisdiction. (Doc. 2 at 7). As pleaded, the Court finds supplemental jurisdiction not appropriate.

When a plaintiff brings multiple claims and some are within the court's original jurisdiction and some are not, supplemental jurisdiction may apply. A court has supplemental jurisdiction over state law claims that "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 387 (1998) (citing 28 U.S.C. § 1367(a)). Because supplemental claims are not within the Court's original jurisdiction, when the Court dismisses all claims over which it has original jurisdiction, it has broad discretion to decline supplemental jurisdiction over any remaining state law claims. *See* 28 U.S.C. § 1367(c)(3); *Burkett v. City of El Paso*, 513 F. Supp. 2d 800, 823 (W.D. Tex. 2007) ("When a district court has dismissed all federal claims from a

cause before trial, the general rule in our Circuit directs district courts to decline to exercise supplemental jurisdiction over supplemental state law claims.").

Here, the Court has found federal question jurisdiction exists through Plaintiff's § 1983 claims. For the reasons explained above, the Court recommends dismissal of these claims. Thus, only Plaintiff's state law claims remain. So, as Defendants argue, the Court may exercise its discretion and decline supplemental jurisdiction over Plaintiff's remaining state law claims.

Accordingly, the undersigned **RECOMMENDS** the District Judge **DECLINE** to exercise supplemental jurisdiction over Plaintiff's state law claims. Further, the Court **RECOMMENDS** Defendants' Motion to Dismiss as to Plaintiff's state law claims be **GRANTED** (Doc. 2) and the state law claims be **DISMISSED WITHOUT PREJUDICE**.

### IV.    RECOMMENDATION

Based on the foregoing discussion, the Court **RECOMMENDS** Plaintiff's Motion to Remand be **DENIED**. (Doc. 6). Further, the Court **RECOMMENDS** Defendants' Motion to Dismiss be **GRANTED** (Doc. 2) and Plaintiff's constitutional should be **DISMISSED WITHOUT PREJUDICE**. Finally, the undersigned **RECOMMENDS** the District Judge **DECLINE** to exercise supplemental jurisdiction over Plaintiff's state law claims and these claims be **DISMISSED WITHOUT PREJUDICE**.

SIGNED this 3rd day of June, 2026.

_____
RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

In the event that a party ***has not been served*** by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation by certified mail. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District Judge need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Judge. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).